[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

No. 06-10926
Non-Argument Calendar

_____

D. C. Docket No. 05-00381-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VIANET ORTEGA-CORRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2006)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Vianet Ortega-Correra appeals his 135-month concurrent sentences for

conspiracy to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of a mixture of substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C.§ 2.  First he argues that the district court erred in denying a minor-role reduction, pursuant to U.S.S.G. § 3B1.2, and thereby frustrated Congressional and the Sentencing Commission's intent to give low-level participants in a drug trafficking offense reduced sentences.  He also argues that the district court imposed unreasonable 135-month concurrent sentences because it failed to sua sponte consider that he faced a harsher sentence than similarly situated defendants, due to his illegal-alien status.

We find no clear error in the district court's determination that, with the exception of the captain of vessel, the remaining crew members played equal roles in transporting over 550 kilograms of cocaine. and that Ortega-Correra was equally responsible as the other crew members who helped transport the drugs.   Thus, the court did not clearly err in denying the minor-role reduction. [1]

Ortega-Correra also argues that his sentences are unreasonable, and, as

---

[1] We likewise reject Ortega-Correra's secondary argument, based on alleged frustration of Congressional and the Sentencing Commission's intent to give low-level participants in drug trafficking offenses lower sentences.

grounds, argues for the first time that he was forced, "through no action or fault of his own," into illegal-alien status that will cause him to "face more time in prison than the average offender committing the same crime . . . not [be] entitled to . . . community confinement [at the end of his sentence], . . . remain in prison, and in a higher level of security and restriction than similar offenders."  He also argues that his sentences do not comport with the Supreme Court's edict in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in that the district court failed to give "heightened attentiveness" to factors listed in 18 U.S.C. § 3553(a), including whether the sentence was "sufficient but not greater than necessary" and would "avoid unwarranted sentence disparities."

On this record, we do not find the 135-month concurrent sentences unreasonable.  First, the court was not required to explicitly consider each § 3553(a) factor, but did consider such factors as the large amount of drugs on the boat, and Ortega-Correra's role as a crew member. See Scott, 426 F.3d at 1329-30; see also 18 U.S.C. § 3553(a)(1)-(2) (factors to be considered include the nature, circumstances, and seriousness of the offense).  Ortega-Correra's 135-month sentences were at the low end of the advisory Guidelines range, and significantly less than the statutory-maximum sentence of life imprisonment.  See Martinez, 434 F.3d at 1322 (sentence at low end of the range and far below the statutory

3

maximum sentence was not unreasonable).

Moreover, Ortega-Correra's argument, based on his illegal-alien status and raised for the first time on appeal, must also fail. Because the court was not required to discuss each § 3553(a) factor, see Scott, 426 F.3d at 1329-30, it did not plainly err in failing to sua sponte discuss whether Ortega-Correra faced a harsher sentence due to his illegal-alien status. Ortega-Correra's argument, with only vague mention and citation of the Bureau of Prisons' policy statements, simply does not meet his burden of proving plain error or that his sentences are unreasonable. See Barfield, 395 F.3d at 1150; see also Talley, 431 F.3d at 788 (the burden rests with the defendant to prove unreasonableness). Upon review of the record and consideration of both parties' briefs, we discern no reversible error.

**AFFIRMED.**